THE STATE OF FLORIDA EX REL. TURNER GRAY, RELATOR, VS. THOMAS F. KING, JUDGE OF THE CIRCUIT COURT, RESPONDENT.

There is no provision of the statute authorizing a change of venue in criminal cases upon the ground that the Judge of the Circuit Court is disqualified. Relief may be had by the assignment of another Judge to hold the court and try the cause.

*S. Y. Finley* for Relator.

The facts are stated in the opinion.

THE CHIEF-JUSTICE delivered the opinion of the court.

Relator alleges that he has been indicted in Alachua county for murder and is confined in prison; that respondent, who is now the Judge of the Circuit Court of the Fifth Circuit, was acting as an attorney and prosecuted relator before the examining magistrate, and is disqualified to act as Judge at the trial of the indictment; that he has made application to the said Judge for a change of venue to another Circuit on account of said disqualification, but the Judge refused to order the change.

To an alternative writ the Judge makes return, not denying the allegations of the relator, but says that he has

applied to the proper authority to have assigned a Judge from another Circuit to hold the next term so that petitioner may be tried in the county of Alachua. That a large number of witnesses will be in attendance at the trial, as he has occasion to know, and that a trial in another county will be attended with large expense, and the public interest will be best promoted by a trial in Alachua county, and the due administration of justice does not require a change.

The matter is submitted upon the alternative writ and this return.

The first, second and third sections of Chapter 373, Laws of 1850-1, are framed with reference to the transfer of civil suits. McClellan's Dig., 336, Secs. 23, 24 and 25. They are operative in connection with each other. The provision in respect to taking the testimony of witnesses residing out of the county, the payment of the costs by the petitioner, &c., are not appropriate to criminal cases.

Neither does the act of 1828 seem to be applicable to criminal cases. McC. Dig., 837, Sec. 112.

Section 13 of sub-Chapter 13 of Chapter 1637, Laws of 1868, (McC. Dig., 449, Sec. 26,) provides that " all criminal causes shall be tried in the county where the offence was committed, except when otherwise provided by law, unless it shall appear to the satisfaction of the court by affidavit that a fair and impartial trial cannot be had in such county ; in which case the court may direct the person accused to be tried in some adjoining county where a fair and impartial trial may be had ; but the party accused shall be entitled to but one change of the place of trial."

An act of 1845 provides for a change of venue in cases where it is impracticable to get a qualified jury. McC. Dig., 449, Sec. 25.

The act of 1868 (Dig., p. 449, Sec. 27,) relates to counties

where there are not sufficient registered voters to form grand and petit juries.

These are the only laws in force expressly applicable to changes of venue in criminal cases, or authorizing such changes.  The present case is not embraced in any of these statutory provisions.

The Constitution [Sec. 7 of Art. 6—REP.] has authorized the Chief-Justice to order temporary exchange of Circuits by the Circuit Judges, or to designate a Judge to hold a term of court in another Circuit than that for which he was appointed.  This provision will fully meet the case of the relator, if the Judge of the Fifth Circuit is actually disqualified by having been, before taking office, retained as attorney to prosecute him in the magistrate's court.  No statute relating to a change of venue under the circumstances stated by the relator is in force.

The alternative writ is quashed.